**Rusing Lopez & Lizardi, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520)529-4262
jsaffer@rllaz.com
mdeweerdt@rllaz.com
aclark@rllaz.com
treckart@rllaz.com

Jonathan M. Saffer
State Bar No. 022004
Matthew P. DeWeerdt
State Bar No. 039442
Aaron R. Clark
State Bar No. 038534
Timothy J. Reckart
State Bar No. 010700
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Critical Path Institute (C-Path),<br><br>        Plaintiff,<br><br>vs.<br><br>CPATH Cerebral Palsy Awareness<br>Transition Hope,<br><br>        Defendant. | CASE NO.<br><br>**COMPLAINT**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

   Plaintiff, Critical Path Institute ("C-Path" or "Plaintiff"), files this Complaint against Defendant, CPATH Cerebral Palsy Awareness Transition Hope ("Defendant"), and alleges as follows:

## NATURE OF ACTION

   1.  This is an action for infringement on Plaintiff's famous trademark, "C-Path" (the C-Path Trademark), under Section 32 of the Lanham Act, 15 U.S.C. § 1114, for unfair

competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and for cybersquatting under § 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).  Each claim arises from the Defendant's unauthorized use of the mark "CPATH" and "CPATH Texas" in connection with the marketing, advertising, and promotion of Defendant's services.

2.    Plaintiff seeks injunctive and monetary relief.

**PARTIES, JURISDICTION, AND VENUE**

3.    Plaintiff, Critical Path Institute (C-Path), is a corporation formed under the laws of Arizona and has its principal place of business in Arizona.

4.    Defendant, CPATH Cerebral Palsy Awareness Transition Hope, is a corporation formed under the laws of Texas with its principal place of business in Texas.

5.    Personal jurisdiction over Defendant is proper in this Court, as Defendant has, as described in the allegations herein, upon information and belief, solicited donations from Arizona, including from an interactive website Defendant operates with an infringing domain name, and runs advertisement campaigns nationally and directly at the state of Arizona; Plaintiff's primary place of business is in Arizona, and the harm resulting from Defendant's solicitation and advertising, in addition to the other conduct described herein, has resulted in substantial harm to Plaintiff within Arizona.

6.    Subject matter jurisdiction is proper in this District pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a) and (b).

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## **GENERAL ALLEGATIONS**

**I.      Plaintiff's Services and Trademark Before the Infringing Act**

8.      Plaintiff is a non-profit corporation created in concert with the Food and Drug Administration (FDA) that leads collaborations to accelerate drug development and advance health outcomes for patients worldwide, including by developing databases of clinical data to study disease progression.

9.      Plaintiff has developed collaborations and consortiums covering a variety of medical conditions, including, but not limited to, Alzheimer's disease, asthma, depression, Duchenne muscular dystrophy, Huntington's disease, Parkinson's disease, rheumatoid arthritis, tuberculosis, and other rare diseases.

10.      Plaintiff is funded by a mix of public and private funding, including charitable foundations and individuals.

11.      Plaintiff has continuously done business as C-Path since at least as early as December 3, 2004.

12.      Through its outreach to and partnerships with industry and academic scientists, regulatory agencies, patients and patient advocacy groups, medical device manufacturers, and philanthropists around the United States and the world, Plaintiff has advanced drug development and patient care.

13.      Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 4816134 on the Principal Register in the United States Patent and Trademark Office for the Trademark "C-Path" (hereinafter the "C-Path Trademark"), issued on September 22, 2015, for "promoting collaboration between scientists and

university institutions to facilitate innovation in the drug development process," which has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. *See C-Path Trademark Certificate*, attached hereto as **Exhibit 1**.

14.    Plaintiff runs several websites in connection with its services. As relevant here, on November 10, 2004, Plaintiff registered the domain name c-path.org.

15.    Plaintiff has routinely and extensively used the C-Path Trademark to promote its service and solicit funding on its websites since these websites were registered. *See Contemporary Examples of c-path.org*, attached hereto as **Exhibit 2**.

16.    Plaintiff also uses the C-Path Trademark to promote its service and solicit funding on its various social media accounts, including Instagram, Facebook, and X.com. *See Examples of Critical Path's Social Media Accounts*, attached as **Exhibit 3**.

17.    Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting its drug development collaboration services under the C-Path Trademark, both nationally and internationally.

18.    Plaintiff's continuous use of the C-Path Trademark in commerce, both nationally and internationally, through marketing, advertising, and promotion of its drug development collaboration services, has brought together 400 groups in a variety of collaborative partnerships in 2022 alone.

19.    Plaintiff was awarded over $24,000,000 in grants for its work in promoting drug development collaboration in 2023.

20.    Articles written by Plaintiff's employees have been published in numerous reputable scientific journals, including but not limited to Nature, the American Society for

Clinical Pharmacology and Therapeutics, the International Journal of Environmental Research and Public Health, and the Journal for Alzheimer's Disease, demonstrating Plaintiff's national and worldwide prominence and quality.

21.    Plaintiff's C-Path Trademark enjoys broad recognition in the medical field both throughout the United States and abroad, such that consumers and sources of funding in the medical field readily associate the mark with Plaintiff's services.

22.    Plaintiff has received the highest possible ratings on Charity Navigator and GuideStar, two prominent ranking services for non-profit organizations. *See Non-Profit Rankings,* attached hereto as **Exhibit 4**.

23.    Plaintiff's C-Path Trademark, and Plaintiff's non-profit drug development collaboration services under the C-Path Trademark, have received significant news coverage from various media outlets. *See Article Describing Plaintiff's Services*, attached hereto as **Exhibit 5**.

24.    The services Plaintiff offers under the C-Path Trademark are of high quality. Plaintiff has invested substantial time and resources to correlate the C-Path Trademark and related trademarks—including those pertaining to "Critical Path Institute" (Registration Numbers 3843501, 4861274, and 7568417), for which C-Path is an abbreviation—with the high quality of Plaintiff's services, and these marks have thereby acquired substantial distinction, reputation, and goodwill amongst both the consuming public and within Plaintiff's trade, all belonging exclusively to Plaintiff.

25.    Plaintiff has always scrupulously and effectively protected its marks, particularly the C-Path Trademark, from all infringement.

26.    In addition to the federal registration, as a result of its widespread, continuous, and exclusive use of the C-Path trademark, Plaintiff has obtained federal statutory rights, state statutory rights, and common law rights to the C-Path Trademark.

27.    The C-Path Trademark is closely identified with Plaintiff's drug development collaboration services in the public's mind and represents substantial, valuable goodwill.

28.    Due to the prominence and high quality of Plaintiff's drug development collaboration services, the C-Path Trademark has acquired significant distinction among not only major pharmaceutical companies and national and international regulatory agencies, but also potential donors to non-profit healthcare advocacy organizations.

29.    Due to Plaintiff's longstanding use of the C-Path Trademark, the mark has become famous nationally within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

**II.    Defendant's Infringement**

30.    After Plaintiff gained prior, superior rights to the C-Path Trademark and its services rose to prominence in connection with the C-Path Trademark, and after the mark became famous in the United States and internationally, Defendant began operating a non-profit organization in Austin, Texas to support individuals with cerebral palsy.

31.    Defendant CPATH Cerebral Palsy Awareness Transition Hope formed on October 11, 2013. *See Texas Secretary of State Record for CPATH Cerebral Palsy Awareness Transition Hope*, attached hereto as **Exhibit 6.**

6

32.     Defendant began operating its non-profit services in Austin, Texas shortly thereafter. It directly competes with Plaintiff in the same geographic area for the same consumers.

33.     Since its formation, without Plaintiff's permission, and after Plaintiff acquired protectable exclusive rights in the famous C-Path Trademark, Defendant began using "CPATH"—which is identical to the C-Path Trademark, but without a hyphen and capitalized in its entirety—to promote its own non-profit healthcare advocacy.

34.     "CPATH" is nearly identical to, legally indistinguishable from, and confusingly similar to "C-Path." The two are visually interchangeable, audibly identical, and indistinguishable in meaning.

35.     To promote its non-profit healthcare advocacy services Defendant uses "CPATH" and its confusingly similar derivative, "CPATH Texas," throughout its website, in its email communications, its Facebook and YouTube accounts, and other locations. *See Images of Defendant's Use of CPATH*, attached hereto as **Exhibit 7**.

36.     Defendant has a strong internet presence.  It markets its service on a website registered under the domain name cpathtexas.org.

37.     This domain name is confusingly similar to Plaintiff's website c-path.org, and it incorporates the C-Path Trademark.  *Id.*

38.     Upon information and belief, according to historical internet archives, Defendant registered the domain name cpathtexas.org with GoDaddy.com, LLC (the "Registrar") on or about September 20, 2014.  The C-Path Trademark was distinctive and famous before Defendant registered/acquired the domain name.

39.    Upon information and belief, Defendant was aware of the C-Path Trademark before it registered/acquired the domain name cpathtexas.org, and knowingly and intentionally registered or acquired the domain name because of its similarity to the C-Path Trademark.

40.    Upon information and belief, Defendant regularly traffics in and uses cpathtexas.org, including by advertising its services and events and soliciting donations nationally. The website is interactive, and upon information and belief, Defendant has directly solicited donations from Arizona through its interactive website and targeted its advertisements at Arizona.

41.    Upon information and belief, Defendant, with a bad faith intent, uses cpathtexas.org to profit from Plaintiff's goodwill in the C-Path Trademark.

42.    Upon information and belief, Defendant's use of cpathtexas.org is purely commercial, and is intended to divert consumers from Plaintiff's website, c-path.org, to Defendant's website.

43.    Because cpathtexas.org is confusingly similar to the C-Path Trademark, and Defendant promotes non-profit healthcare advocacy services that are similar to Plaintiff's services under the C-Path Trademark, consumers are likely to be confused into thinking that Plaintiff authorized, approved, or is affiliated or connected with Defendant's website and the services promoted therein, when that is not the case.

44.    Upon information and belief, such confusion has actually occurred.

45.    And, given the similarity of Defendant's website with the C-Path Trademark, consumers are likely to associate cpathtexas.org with the C-Path Trademark, in a manner

that impairs the distinctiveness of the C-Path Trademark.  Upon information and belief, Defendant intended to use a website name confusingly similar to the famous C-Path Trademark to cause consumers to associate the website with Plaintiff and the C-Path Trademark.

46.    Upon information and belief, Defendant extensively advertises, markets, and promotes its non-profit healthcare advocacy services under the infringing names "CPATH" and "CPATH Texas" in commerce nationally, and, upon information and belief, directly at Arizona, including on the internet, to consumers who may be searching for Plaintiff's services and through the same channels of trade, including through the website cpathtexas.org and through online advertising.

47.    For example, a search on google.com for a common and indistinguishable derivative of the C-Path Trademark, "cpath," returns results for Defendant's services at the top of the search results incorporating the C-Path Trademark, intermixed with results for Plaintiff's services.  *See Search Results for "cpath,"* attached hereto as **<u>Exhibit 8</u>**.

48.    Upon information and belief, Defendant's use of the C-Path Trademark through advertising is intended to confuse the public into thinking that Defendant's non-profit healthcare advocacy services are the same as Plaintiff's, or that Plaintiff endorses Defendant's services.

49.    Upon information and belief, Defendant, under its infringing name, solicits funding for its non-profit healthcare advocacy services in the medical field, as does Plaintiff under the C-Path Trademark.

50.     Upon information and belief, potential sources of funding for non-profit organizations in the medical field, who have or may fund Defendant, have confused, and are likely to continue to confuse, Defendant's non-profit healthcare advocacy services in the medical field for Plaintiff's.

51.     Upon information and belief, Defendant has and continues to intentionally use a confusingly similar name as Plaintiff to intercept sources of funding which may have otherwise been directed to Plaintiff.

Effect of Infringement

52.     Through their actions above, Defendant has and continues to infringe upon Plaintiff's rights in the C-Path Trademark.

53.     Defendant was aware of Plaintiff's services, and the C-Path Trademark, before engaging in the acts described herein.  Plaintiff has never granted Defendant permission to use the C-Path Trademark.

54.     Defendant's use of "CPATH" and "CPATH Texas" is confusingly similar to Plaintiff's use of the C-Path Trademark in the eyes of an ordinary consumer or source of funding seeking non-profit healthcare advocacy services or to donate to organizations providing such services.

55.     This infringing use has resulted in, and is likely to continue to cause, actual confusion, mistake, and deception among consumers seeking non-profit healthcare advocacy services or to donate to organizations providing such services as to the origin of Defendant's services.

56.    This infringing use also deceives, and is likely to continue to deceive, consumers into mistakenly believing that Defendant's services are associated with or authorized by Plaintiff.

57.    This infringing use dilutes, and is likely to continue to dilute, the famous C-Path Trademark by blurring the mark's distinction.

58.    Upon information and belief, Defendant knowingly, and with the intent to sell or distribute, used and displayed marks in commerce, namely "CPATH" and "CPATH Texas" to identify their non-profit healthcare advocacy services and trade on Plaintiff's goodwill for commercial gain.

59.    Upon information and belief, Defendant acted willfully and intentionally to trade on Plaintiff's goodwill, cause confusion in the medical non-profit sector, and divert business and funding from Plaintiff's services to Defendant's.

60.    On April 4, 2023, Plaintiff sent Defendant a cease-and-desist letter demanding that it cease using the C-Path Trademark and any variation thereof, including "CPATH" and "CPATH Texas."

61.    Plaintiff and Defendant, through their respective counsel, have continuously corresponded from 2023 to 2025 to effectuate a settlement agreement ceasing Defendant's use of the C-Path Trademark.

62.    Defendant indicated to Plaintiff multiple times that a satisfactory agreement had been reached, then subsequently failed to sign the agreement and apparently reneged on their earlier expressed intents to enter into the agreement.

63.    Throughout the time of these discussions, including all times after Defendant most recently reneged on its intent to enter into the agreement, Defendant has continued to infringe upon Plaintiff's C-Path Trademark in the manners described above, even launching three new national internet advertisements utilizing their infringing mark in October 2025.

64.    Defendant's infringement is causing, and will continue to cause, damage and immediate irreparable harm to Plaintiff, its reputation, and its goodwill with consumers seeking non-profit healthcare advocacy services or sources of funding seeking to donate to organizations providing such services.  Plaintiff has no adequate remedy at law.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT (15. U.S.C. § 1114)

65.    Plaintiff incorporates all the above allegations as though fully stated herein.

66.    Defendant's unauthorized use in commerce of the Infringing Mark "CPATH" as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes Trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

67.    Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the C-Path Trademark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

12

68.    Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

69.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT II

## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

70.    Plaintiff incorporates all the above allegations as though fully stated herein.

71.    Defendant's unauthorized use in commerce of the CPATH mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

72.    Defendant's unauthorized use in commerce of the CPATH mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

73.    Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

74.    Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

75.    Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

76.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT III

### FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c))

77.    Plaintiff incorporates all the above allegations as though fully stated herein.

78.    Plaintiff's use of its C-Path Trademark is distinctive and is a "famous mark" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

79.    Plaintiff's C-Path Trademark became distinctive and famous before the actions of Defendant as alleged herein.

80.    Defendant's acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Plaintiff's famous C-Path Trademark.

81.    Defendant's actions as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Plaintiff irreparable

damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

82.    Plaintiff is entitled to, among other relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Section 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgement interest.

## COUNT IV

## CYBERSQUATTING (15 U.S.C. § 1125(d))

83.    Plaintiff incorporates all the above allegations as though fully stated herein.

84.    Plaintiff owns exclusive rights to the C-Path Trademark, which is strong, distinctive and famous, and was strong, distinctive and famous as of the date that Defendant registered or acquired the domain name cpathtexas.org.

85.    Upon information and belief, Defendant registered, uses, and traffics in cpathtexas.org, which is confusingly similar to and dilutive of the C-Path Trademark.

86.    Upon information and belief, Defendant registered, uses, and traffics in cpathtexas.org with an intent to profit from its confusing similarity to the C-Path Trademark.  Among other things, and upon information and belief, Defendant:

      a.  Registered the domain name, despite knowing that it had no rights in any name or mark and was not known by any name that was referenced or reflected in cpathtexas.org;

      b.  Made no bona fide, non-infringing, commercial use or fair non-commercial use of cpathtexas.org; and

c. Intended to divert consumers looking for Plaintiff's services online to Defendant's website by exploiting the confusing similarity of its website, cpathtexas.org, with the C-Path Trademark reflected in Plaintiff's website, c-path.org, for Defendant's commercial gain and to dilute the C-Path Trademark.

87.    Defendant's conduct is directly and proximately causing substantial, immediate, and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to damage Plaintiff unless enjoined by this court.  Plaintiff has no adequate remedy at law.

88.    Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1125(d)(1)(C), including, among other injunctive relief, transfer of the domain name cpathtexas.org to Plaintiff or cancellation of Defendant's registration of cpathtexas.org.

89.    Plaintiff is further entitled to recover its damages and Defendant's profits, enhanced as the court deems appropriate and equitable, in amounts to be proven at trial, pursuant to 15 U.S.C. § 1117(a).  Alternatively, Plaintiff is entitled to maximum statutory damages in the amount of $100,000 pursuant to 15 U.S.C. § 1117(d).

90.    Plaintiff is further entitled to recover its attorneys' fees and costs, together with prejudgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Critical Path Institute (C-Path), demands judgment in its favor and against Defendant, CPATH Cerebral Palsy Awareness Transition Hope, as follows:

16

91.    That Defendant has violated Section 32 of the Lanham Act, 15 U.S.C. § 1114; Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); and Section 43(d) of the Lanham Act, 15 U.S.C. § 11125(d);

92.    Granting a preliminary and permanent injunction enjoining Defendant, and its agents, employees, members, attorneys, successors, and assigns, and all of those in active concert and participation with the foregoing entities and persons, from directly or indirectly violating Plaintiff's rights under the Lanham Act, as well as enjoining Defendant from:

a.  using "CPATH," "C-Path," or "CPATH Texas," or any names or marks that include or are colorable imitations of or confusingly similar to the C-Path Trademark, in or as part of any business name, trade name, or as any other means of identification;

b.  distributing, selling, marketing, advertising, promoting, or authorizing any third-party to sell, market, advertise, or promote Defendant's non-profit healthcare advocacy services under any variation of the C-Path Trademark, or any other confusingly similar variation, counterfeit, or imitation of the C-Path Trademark;

c.  engaging in any activity that infringes upon Plaintiff's rights in the C-Path Trademark;

d.  engaging in any activity constituting unfair competition with Plaintiff;

e.  engaging in any activity that is likely to dilute the distinctiveness of the C-Path Trademark;

17

f.  making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's non-profit healthcare advocacy services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's non-profit drug development collaboration services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendant;

g.  using or authorizing any third party to use in connection with any business, goods, or services, any false description, false representation, or false designation or origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so, including "C-Path," "CPATH," and "CPATH Texas";

h.  registering or applying to register any trademark, service mark, domain name, tradename, or other source identifier or symbol of origin consisting of or incorporating the C-Path Trademark, or any other mark that infringes or is likely to be confused with the C-Path Trademark, or any goods or services of Plaintiff, or Plaintiff as their source;

i.  all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any domain name, labels,

advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the C-Path Trademark or any other mark that is confusingly similar to, or a colorable imitation of, or counterfeit of, the C-Path Trademark; and

j.  owning, registering, trafficking in, or otherwise using cpathtexas.org and any other prohibited domain names;

k.  aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (j).

93.     Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any of Defendant's goods or services are in any way approved, endorsed, licensed, sponsored, authorized, associated, affiliated, or otherwise connected with Plaintiff or relate to Plaintiff's goods or services.

94.     Directing Defendant to initiate an amendment to its Articles of Incorporation changing its name from any variation of the C-Path Trademark.

95.     Directing Defendant, within ten (10) days of entry of final judgment, transfer to Plaintiff or cancel the registration of cpathtexas.org, and registrations of any other domain names owned or controlled by Defendant which are confusingly similar or dilutive of the C-Path Trademark.

96.     Ordering that the Registrar, upon Plaintiff's request, transfer registration of cpathtexas.org and any other prohibited domain names to Plaintiff.

19

97.     Directing Defendant to change its names and profiles under any social media accounts to exclude any variation of the C-Path Trademark, including but not limited to "C-Path," "CPATH," and "CPATH Texas."

98.     Directing Defendant to remove any text or post from its social media that displays or uses the C-Path Trademark.

99.     Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any domain name, labels, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the C-Path Trademark or any other mark that is confusingly similar to, or a colorable imitation of, or counterfeit of, the C-Path Trademark and to direct all relevant third-parties doing business with Defendant to cease forthwith any display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, advertisements, signs, displays, and other materials featuring or bearing the C-Path Trademark or any other mark that is a confusingly similar variation, counterfeit, or colorable imitation of the C-Path Trademark and to immediately remove them from public access and view.

100.     Directing Defendant to destroy, or deliver to Plaintiff to destroy, any goods, advertisements, promotions, signs, displays, and related materials incorporating or bearing the C-Path Trademark, or any other mark that is confusingly similar to, or counterfeit of, or a colorable variation of the C-Path Trademark.

101.    Directing Defendant to formally abandon with prejudice any and all of its applications to register, or any current registration of the mark "CPATH" or any mark that is confusingly similar to the C-Path Trademark.

102.    Directing, pursuant to Rule 35(a) of the Lanham Act, 15 U.S.C. § 116(a), that Defendant file with the court and serve on Plaintiff within thirty days after the service on Defendant of any injunction in this action, or such extended period as the court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

103.    Awarding Plaintiff damages in an amount to be proven at trial, including:

a.    Damages assessed against Defendant under the Lanham Act for the wrongful acts alleged herein under Sections 32, 43(a), and 43(c), including compensatory damages, statutory damages, treble damages, and restitution, including disgorgement of Defendant's profits; or, at Plaintiff's election, maximum statutory damages in the amount of $100,0000 for Defendant's violation of Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)), in accordance with Section 35(d) of the Lanham Act (15 U.S.C. § 1117(d)).

104.    Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

105.    Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), awarding Plaintiff its costs and reasonable attorneys' fees thereunder.

106.    Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

107.    Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

108.    Plaintiff hereby demands and requests trial by jury of all issues that are triable by jury.

DATED this November 4, 2025.

RUSING LOPEZ & LIZARDI, P.L.L.C.

Jonathan M. Saffer
Matthew P. DeWeerdt
Aaron R. Clark
Timothy J. Reckart
*Attorneys for Plaintiff,*
*Critical Path Institute (C-Path)*